J-S53013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO LEMUS | : | |
| | : | |
| Appellant | : | No. 902 EDA 2020 |

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002052-2014

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED:  MARCH 22, 2021**

Appellant, Francisco Lemus, appeals from the February 20, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the following history:

> On July 9, 2014, Appellant was charged with 2,443 violations of the Controlled Substance, Drug, Device and Cosmetic Act, and other related offenses.  These charges arose from Appellant's activities in a drug trafficking organization established by his father and later managed by him.  On April 18, 2016, a jury found Appellant guilty of numerous counts of Possession of a Controlled Substance With Intent to Deliver ("PWID") and other related offenses.  A timely direct appeal was filed; and after careful review, the Superior Court affirmed the judgment of sentence on January 23, 2018. See [**Commonwealth v. Lemus**, __A.3d__, 2720 EDA 2016 (Pa. Super. filed January 23, 2018) (unpublished memorandum)].

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant applied … to the Pennsylvania Supreme Court for further review. The Pennsylvania Supreme Court denied allocator on July 25, 2018. No further appeal was taken and … Appellant's judgment of sentence became final on October 23, 2018. 42 Pa.C.S.A. §9545(b)(3).

Appellant filed this present PCRA Petition on October 1, 2019 by and through legal counsel, Cheryl J. Sturm. After an independent review of the record, we found no merit to Appellant's claims and forwarded a 20 day notice pursuant to Pa.R.Crim.P. 907 on December 23, 2019. On January [7], 2020, Appellant filed his "Opposition to Notice Provided Under Pa.R.Crim.P. 907". After reviewing Appellant's supplemental submission, we continued to find that Appellant was not entitled to post–conviction collateral relief and that no purpose would be served by any further proceedings. We dismissed Appellant's PCRA Petition by Order on February 20, 2020.

Appellant filed a timely appeal on March 16, 2020. A Pa.R.A.P. 1925(b) Order was issued on March 20, 2020. Appellant filed his Concise Statement on May 1, 2020.

PCRA Court Opinion, 7/17/20, at 2-3 (internal footnotes omitted).

Appellant presents the following questions for our review, which we set

forth *verbatim*:

1. Whether the conviction was obtained and sentence imposed by a judge whose impartiality can be reasonably questioned? ***Rippa v. Baker***, 137 S.Ct. 905, 197 L.Ed. 167 (2017) and ***Commonwealth v. Koehler***, 229 A3d 915 (PA 2020)?

2. Whether the conviction was obtained and sentence imposed in violation of the due process clause of the fourteenth amendment, and the rights guaranteed by the privileges and immunities clause specifically the right to fair notice of the charges, the right to have a properly instructed jury determine the facts that set the range of sentences the judge may impose, and the right to have a single, legal sentence imposed for the continuous crime of possession with intent to distribute? ***United States v. Haymond***, 139 S.Ct. 2369, 204 L.Ed.2d 897 (2019)?

3. Whether trial counsel was constitutionally ineffective for failure to insist that the Appellant be allowed to participate in the selection of the jury. *Commonwealth v. Williams*, 454 PA 368, 373, 312 A2d 597 (PA 1973), and where the ineffective assistance prejudiced Appellant by depriving him of the right to the process of participation in the jury selection process?

4. Whether trial counsel was constitutionally ineffective for failing to object to the double jeopardy violation arising from the multiplicitous indictment which failed to give real notice of the specific charge. *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed.2d 644 (1948)? Whether the failure to object to the multiplicious indictment was prejudicial because it led to an illegal sentence consisting of multiple consecutive sentences for the single continuous crime of possession with intent to distribute *United States v. Rowe*, 919 F3D 752 (3d Cir. 2019)?

5. Whether trial counsel was constitutionally ineffective for failing to object to the charging instrument which failed to state essential facts necessary to distinguish one crime from the other, and facts necessary to establish the permissible range of sentences. Should have been a single general sentence for one of PWID, which is a continuous crime based on a single impulse. *United States v. Haymond*, 139 S.Ct. 2369, 204 L.Ed.2d 897 (2019)?

Appellant's Brief at 2-3.[1]

We apply the following standard and scope of review when reviewing the propriety of a denial of a PCRA petition:

"An appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's

---

[1] Although Appellant has listed five questions in his statement of questions presented, there is no discussion of Appellant's fifth issue in Appellant's brief; therefore, we find the issue waived and do not address it. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (providing that where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion, that claim is waived).

scope of review is limited to the findings of the PCRA court viewed in the light most favorable to the prevailing party." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa. Super. 2009)(quoting ***Commonwealth v. Hammond***, 953 A.2d 554, 556 (Pa. Super. 2008) (citation omitted). "Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

***Commonwealth v. Sarvey***, 199 A.3d 436, 445-446 (Pa. Super. 2018).

In support of his first issue on appeal, Appellant avers that the trial judge was biased against him. Appellant's Brief at 9. In his brief before this Court, Appellant asserts that "[t]he issue was raised in two places." Appellant's Brief at 10. He cites to a portion of his memorandum in support of his PCRA petition, identifying to two different instances that he believes shows bias. *Id*.; PCRA petition at 5-6. In the first instance, Appellant states that the trial court's denial of the "motion based on racial stereotypes" establishes bias as does the second instance, when the trial court allegedly ignored a complaint by Appellant that his trial counsel did not allow him to participate in jury selection. Appellant's Brief at 10. We note, however, that Appellant did not file a motion for recusal, object, or raise the issue of bias before the trial court.

It is well established in this Commonwealth that in order to preserve an issue for appellate review, it must be raised in the trial court. ***Commonwealth v. May***, 887 A.2d 750, 758 (Pa. 2005). "It is well-settled that a party seeking recusal or disqualification must raise the objection at the

earliest possible moment or that party will suffer the consequence of being time barred." ***Commonwealth v. Pappas***, 845 A.2d 829, 846 (Pa. Super. 2004). Once the trial is completed, a party is deemed to have waived his right to have a judge disqualified. ***Commonwealth v. Edmiston***, 634 A.2d 1078, 1088 (Pa. 1993) (citing ***Reilly by Reilly v. Southeastern Pennsylvania Transp. Authority***, 489 A.2d 1291, 1300-1301 (Pa. 1985)); ***Dennis v. South Eastern Transportation Society***, 833 A.2d 348, 352 (Pa. Cmwlth. 2003).[2]

In this instance, Appellant argues that the trial court was biased, but he did not raise the issue before the trial court; such action foreclosed the trial court's ability to address and rectify any alleged bias. ***Dennis***, 833 A.2d at 352. Because Appellant failed to raise the issue before the trial court, we find the issue waived. Moreover, to the extent that Appellant is arguing that the two instances discussed above constitute adverse rulings, "[a]dverse rulings alone do not, however, establish the requisite bias warranting recusal … ." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 90 (Pa. 1998).

Additionally, we note that pursuant to the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Appellant was aware of the trial court's alleged bias and

_____

[2] We recognize that a decision by the Commonwealth Court is not binding precedent upon this Court; however, it may be considered for its persuasive value. ***Commonwealth v. Lewis***, 718 A.2d 1262, 1265 n.10 (Pa. Super. 1998).

could have raised it in his direct appeal; thus, it is waived for purposes of review under the PCRA. ***Commonwealth v. Abdul-Salem***, 808 A.2d 558, 560 (Pa. 2001). Appellant is due no relief on his first allegation of error.

In his second issue, Appellant argues that the convictions and sentence imposed violate the United States Constitution. In support of his argument, Appellant avers the indictment charged 2,443 crimes without providing the dates of the offenses. Appellant's Brief at 14. Appellant further alleges that the fifty-one convictions for PWID are a single, continuous offense. Therefore, he suggests his sentence violates the principals of due process and "the incorporated principles of double jeopardy" because the "trial judge imposed separate, consecutive sentences for the [PWID], which are one continuous crime." ***Id***. (citing ***United States v. Rowe***, 919 F.3d 752 (3d. Cir. 2019)).[3]

---

[3] Although it appears to be the lynchpin of Appellant's convoluted argument, Appellant's statement that "PWID [is] a single continuous offense" is purportedly supported by a single citation to a federal case, ***Rowe***, 919 F.3d 752. Appellant does not provide any additional discussion of ***Rowe*** and fails to cite any case law from Pennsylvania that supports his assertion. It is well established that the decisions of federal district courts and courts of appeal, including the Third Circuit Court of Appeals, are not binding on Pennsylvania courts. ***Breckline v. Metropolitan Life Ins. Co.***, 178 A.2d 748, 751 (Pa. 1962). In ***Rowe***, the Third Circuit Court of Appeals analyzed the federal PWID statute, 21 U.S.C. § 841, not Pennsylvania's PWID statute. Moreover, in ***Rowe***, the Court held "separate acts of distribution of controlled substances are distinct offenses under 21 U.S.C. § 841(a), as opposed to a continuing crime." ***Rowe***, 919 F.3d at 759 (citation omitted). In the case at bar, Appellant was charged with and convicted of multiple discrete criminal acts— not one continuous act. Thus, ***Rowe*** does not support Appellant's proposition that separate, distinct acts of PWID are one continuous crime.

Appellant argues, "Plainly, the indictment is multiplicitous because it charges the same crime in more than one count. … In this case, the mutliplicitous charging instrument led to an illegal sentence for 51 counts of PWID which is a single offense." Appellant's Brief at 15.

Appellant asserts that an indictment that charges more than one charge of the same crime "may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause of the Fifth Amendment which is applicable to the States through the Fourteenth Amendment." Appellant's Brief at 15. Appellant argues that the "Double Jeopardy Clause in this multiple punishment context is confined to 'ensuring that the total punishment did not exceed that authorized by the legislature.'" *Id*. (citing *Jones v. Thomas*, 491 U.S. 376, 381 (1989)). Appellant further contends that the charging documents were inadequate because they did not require the jury to differentiate one count of PWID from other counts by date.[4] *Id*. at 17. Thus, Appellant is challenging the sufficiency of the indictment and the legality of his sentence.

_____

[4] In his brief, Appellant also cites to *Commonwealth v. Little*, 314 A.2d 270, 272-273 (Pa. 1974), and appears to aver that due to these alleged insufficiencies in the information, the trial court could not properly invoke subject matter jurisdiction. Appellant's Brief at 15. Appellant further alleges according to *Little*, that the formal notice of charges may not be waived. Appellant's Brief at 15-16.

Appellant's reliance on *Little* is misplaced. *Little* stands for the proposition that subject-matter jurisdiction cannot be waived, not that an alleged defect in the information or indictment deprives the court of that jurisdiction.

Pursuant to the Pennsylvania Rules of Criminal Procedure, an information is valid and sufficient if it contains "an allegation that [the crime] was committed on or about any day within the period fixed by the statute of limitations." Pa.R.Crim.P. 560(B)(3). Further, this Court has held that "due process is not reducible to a mathematical formula and the Commonwealth does not always need to prove a specific date of an alleged crime." *Commonwealth v. Brooks*, 7 A.3d 852, 858 (Pa. Super. 2010). "Case law has further established that the Commonwealth must be afforded broad latitude when attempting fix the date of offenses which involve a continuing course of criminal conduct." *Id*.

In its opinion, the PCRA court set forth the following analysis on the double jeopardy issue, which implicates the legality of Appellant's sentence:

> In this matter, Appellant was charged with more than 50 counts of PWID. PWID is defined as:
>
>> [T]he manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
>
> 35 P.S. §780-113(a)(30). It is axiomatic that the statute criminalizes the *act* of possessing a controlled substance with the intent to deliver it. In this matter, the Commonwealth presented evidence that was accepted by the jury, that on 51 separate occasions Appellant was in possession of a controlled substance and then sold and delivered it to a third party. This fact is clearly established by the Verdict Slip. Each "act" of possession and delivery was distinguished by date, time, and/or different third party involvement. *See* Verdict Slip, 04/18/16, pp.1-12;

- 8 -

Commonwealth's Exhibits C-12 to C-16, C-21 to 0-48, C-50 to C-56, C-58 to 69, and C-81B to C-81D. It is clear that the finding of guilt by the jury on a particular count was specific and separate from the other counts. Consequently, Appellant's sentence on each count for which he was found guilty is also supported by the record.

PCRA Court Opinion, 7/17/20, at 9-10 (footnote omitted).[5]

We agree that Appellant has failed to show that his sentence violates the double jeopardy clause of the Fifth Amendment or due process requirements. In other words, Appellant did not receive multiple punishments for the same crime; he received separate punishments for separate crimes. Appellant was involved in a criminal enterprise that entailed numerous instances of criminal conduct including, *inter alia*, acquiring and distributing drugs. Because of the duration and regularity of the crimes, the Commonwealth had permissible leeway regarding the dates provided in the indictments. **Brooks**, 7 A.3d at 858. Moreover, in response to Appellant's request, the Commonwealth provided Appellant with a bill of particulars, setting forth information regarding the date of delivery (on or about), the identity of the individual that delivered the drugs, as well as the approximate number of grams of the illegal substance delivered and the location of the deliveries. Commonwealth's Response to Defendant's Request for Bill of

---

[5] Although Appellant failed to include the double-jeopardy issue in his Pa.R.A.P. 1925(b) Statement, Appellant included a question asserting that trial counsel was ineffective for failing to raise the double jeopardy issue at trial. The quoted section above is taken from the portion of the trial court's memorandum addressing the merits of Appellant's double-jeopardy claim in that context. Trial Court Opinion, 7/17/20, at 7-9.

Particulars, 9/23/15, exhibit A.[6] Further, we note that the verdict slip included the dates on which each separate crime for which Appellant was convicted occurred. Verdict Slip, 4/18/16, at 1-12.

Moreover, our Supreme Court has held that "the test for the substantive sufficiency of an indictment is that it must notify the defendant of the charge he has to meet." **Commonwealth v. Goldblum**, 447 A.2d 234, 244 (Pa. 1982). We find the indictment/information in this case, filed on August 14, 2014, provided Appellant notice of the numerous drug-related offenses that took place between June 6, 2013, through May 1, 2014. Information, 8/14/14, at 1-5. The criminal information was not "muliplicitous" and provided Appellant with adequate notice as required by due process.

To the extent Appellant argues that **Apprendi v. New Jersey**, 530 U.S. 466 (2000), applies in the instant case, we disagree. In **Apprendi**, the United States Supreme Court held that any fact that increases a defendant's sentence beyond the statutory maximum authorized for a defendant's crime is an element that must be submitted to the jury. **Id.** at 494.

Appellant raised a similar issue in his direct appeal with this Court. In **Lemus**, 2720 EDA 2016, Appellant argued, *inter alia*, that the trial court

---

[6] In his brief, Appellant states that although he requested a bill of particulars, the Commonwealth failed to provide an adequate response. Appellant's Brief at 14. This statement is disingenuous. Appellant's assertion is contradicted by Appellant's on-the-record stipulation that the Commonwealth's Response to Request for Bill of Particulars satisfied Appellant's request. **See** N.T. (Hearing), 9/30/15, at 6-7 (reflecting that Appellant's counsel agreed to the trial court's request to place this stipulation on the record).

imposed an illegal sentence because the jury did not make a finding regarding the date of the charged crimes. Appellant averred that he should have been charged with a single count of PWID, one count of criminal conspiracy, and one count of dealing in proceeds of an unlawful activity. *Id*. at unpublished memorandum at *4. Appellant further claimed that his sentence was illegal pursuant to *Apprendi*. After review, we found there was no merit to Appellant's claim that his sentence was illegal and held as follows:

**Issue 5: *Apprendi/Alleyne* Illegal Sentence Claim**

In his fifth issue, Appellant claims that the trial court imposed an illegal sentence because the jury did not make a finding regarding the date of the charged crimes beyond a reasonable doubt. Appellant's Brief at 22–25. Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Appellant claims that the trial court impermissibly increased his maximum punishment based on a fact that was not submitted to the jury, *i.e.*, the date of each crime. Appellant's Brief at 25.[4] As a result, Appellant sweepingly proclaims that "under controlling United States Supreme Court precedent, this Honorable Court may sentence for one count of [PWID]; one count of [C]riminal [C]onspiracy; one count of dealing in proceeds of unlawful activity." Appellant's Brief at 26.

> [4] Insofar as Appellant's arguments implicates the sufficient of the evidence for failing to prove the date each crime was committed, or the adequacy of the indictment and bill of particulars, such claims are waived because they do not implicate the legality of Appellant's sentence and he did not otherwise raise these issues in his Appellate Brief. *See, e.g.* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").

A challenge to the legality of a sentence is a question of law. *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014). Therefore, this Court's standard of review is *de novo* and the scope of review is plenary. *Id.* "[C]laims pertaining to the legality of

sentence are non-waivable, may be leveled for the first time on appeal, and our jurisdiction need not be invoked in a Pa.R.A.P. 2119(f) statement." *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008) (citation omitted). "In fact, such a claim is not even waived by a party's failure to include it in a Pa.R.A.P. 1925(b) statement." *Id.* (citation omitted).

In *Apprendi*, the United States Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Alleyne* [*v. United States*, 570 U.S. 99 (2013)], the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2162.

After careful review, we conclude that *Apprendi* and *Alleyne* do not entitle Appellant to relief. **The date of the offense does not change the prescribed statutory minimum or maximum sentence**. Additionally, there is no indication in the certified record that the trial court imposed a mandatory minimum sentence as part of Appellant's Judgment of Sentence, which could implicate *Alleyne*. Moreover, even a cursory review of the jury's verdict slip shows that the Commonwealth specified the exact dates of each drug sale, the name of the buyer, and the trial exhibit related to each charge. *See* Verdict Slip, dated 4/18/16. Accordingly, Appellant's illegal sentencing claims are without merit and he is not entitled to relief.

*Lemus*, 2720 EDA 2016, unpublished memorandum at *5 (emphasis added).

There is nothing in the record reflecting any fact that increased Appellant's sentence beyond what was already provided by the statute.

After review, we conclude that the charging document adequately informed Appellant of the distinct charges and the dates of the crimes. Information, 8/14/14, at 1-5. Appellant was then sentenced on those separate crimes, and as noted above, there is no evidence that the holding

from **Apprendi** was implicated, let alone violated.  Appellant is entitled to no relief on his second issue.

Appellant's third and fourth issues assert that his counsel was ineffective.  Appellant first argues that his counsel was ineffective for failing to advocate for Appellant and insist Appellant be allowed to participate in jury selection.  Appellant's Brief at 19.  Appellant next avers that trial counsel was ineffective for failing to object to a due process/double jeopardy violation.  **Id**. at 22.

When reviewing a claim of ineffective assistance of counsel, we apply the following tenets and test:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.  In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] performance and prejudice test into a three-part inquiry.  Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.  **See** [**Commonwealth v.**] **Pierce**[, 515 Pa. 153, 527 A.2d 973 (Pa. 1987)].  If a petitioner fails to prove any of these prongs, his claim fails.  Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests.  Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.  To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (internal brackets and some internal citations omitted).  Further, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first."  *Commonwealth v. Tharp,* 101 A.3d 736, 747 (2014) (citation omitted).  "Moreover, prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different."  *Commonwealth v. Spotz*, 896 A.2d 1191, 1226 (Pa. 2006).  As our Supreme Court has long stated, claims of ineffective assistance of counsel are not self-proving.  *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002).  A PCRA petitioner must present appropriate argumentation relative to all three prongs of the ineffectiveness standard.  *Commonwealth v. D'Amato*, 856 A.2d 806, 812 (Pa. 2004).

Appellant argues that his trial counsel was ineffective for failing to ensure that Appellant's right to participate in jury selection was respected.  Appellant's Brief at 21.  In support, Appellant avers that "[t]he prejudice requirement does not apply to a case where, as here, the deficient performance deprives that accused of his trial rights."  Appellant's Brief at 22.  Despite Appellant's claim that his counsel's alleged ineffectiveness rose to the level that he was deprived of his trial rights and need not show prejudice, the case law upon which Appellant relies does not support his argument.  *Id*.

(citing *Lee v. United States*, 137 S.Ct. 1958 (2017) (finding that the presumption of reliability in judicial proceedings has no place where a defendant was deprived of a proceeding all together), *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018) (finding that counsel's admission of client's guilt over client's express objection constitutes a structural error and does not require a showing of prejudice), and *Garza v. Idaho*, 139 S.Ct. 738 (2019) (finding that prejudice is presumed where counsel's performance deprives the appellant of an appeal he would have otherwise taken even where the appellant has signed an appeal waiver)).  Thus, he is required to prove prejudice.  *Spotz*, 896 A.2d at 1221.

Appellant has failed to prove prejudice. *Charleston*, 94 A.3d at 1021. Appellant did not allege or prove that but-for his trial counsel's ineffectiveness, the outcome of the trial would have been different, as required by our jurisprudence.  Appellant has not shown that he was prejudiced by his counsel's ineffectiveness; thus, he has not satisfied the third prong of the ineffectiveness standard.

We also note that Appellant included only a single sentence in support of his claim that the second prong, which requires a showing that counsel lacked a reasonable basis for his action or inaction, was satisfied.  A single conclusory sentence is not sufficient to establish that counsel's actions lacked a reasonable basis. *Commonwealth v. Marinelli*, 910 A.2d 672, 679 (Pa. 2006).  In that case, we found that,

> With respect to none of these claims … does Appellant offer more than a conclusory statement of trial court error, trial counsel's lack of a reasonable basis for failing to object at trial or on direct appeal, and resultant prejudice. Pursuant to our current jurisprudence, such boilerplate allegations do not suffice as the kind of meaningful application of the effectiveness standard that is required to allow for effective substantive review of such claims.

*Id*. Appellant is due no relief on this claim of error.

Finally, Appellant argues his trial counsel was ineffective for failing to object to the alleged due-process and double-jeopardy violations that arose from the "multiplicitous indictment," which failed to give notice of the specific charge. Appellant's Brief at 23. As discussed above, Appellant bears the burden of proving, *inter alia*, that counsel had no reasonable basis for his action or inaction. Appellant offers no support for his assertion that counsel's actions lacked a reasonable basis. Thus, Appellant has not proven or alleged that his trial counsel lacked a reasonable basis for failing to object to the allegedly improper indictment. *Marinelli*, 910 A.2d at 679. We will not act as counsel for Appellant and develop his arguments on appeal. *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant."). Because Appellant has failed to make the required showing, we find Appellant is due no relief on these grounds.

For all the foregoing reasons, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/21