**Allison DENNIS**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2003.
Decided Oct. 8, 2003.

---

Stephen E. Vedro, Philadelphia, for appellant.

William L. Kinsley, Philadelphia, for appellee.

BEFORE: FRIEDMAN, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

The Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted Allison Dennis' motion for post-trial relief.

The facts as found by the trial court are as follows. On February 1, 2001, Dennis filed a complaint alleging that she sustained injuries while she was a passenger on a SEPTA bus. Dennis sought uninsured motorist and first-party benefits as well as non-economic and economic damages arising from SEPTA's alleged negligence. Michael Becker, Dennis' former counsel, and Milton Trimber, a SEPTA claims representative, attempted to reach a settlement. On April 6, 2001, Becker and Trimber agreed to a settlement, in the amount of $20,000, contingent on Dennis executing a release. Dennis would not sign a release and indicated that she did not agree to the settlement. SEPTA never filed a motion to enforce settlement and proceeded litigating the matter.

On September 10, 2001, William Kinsley entered his appearance as Dennis' counsel and on September 24, 2001, Becker withdrew his appearance. On September 28, 2001 SEPTA filed an answer and new matter, asserting that the case was settled. Dennis then filed a reply and counterclaim, seeking punitive damages, fees and expenses arising from SEPTA and former counsel's alleged failure to investigate the accident properly.

A bifurcated non-jury trial was held over 3 days in August and September 2002. At the trial, the bus driver and another passenger testified. Dennis' counsel subpoenaed Becker and his file. While Becker previously provided a copy of his file, Kinsley argued that he needed Becker's origi-

nal file in order to prove the counterclaim against SEPTA. When Becker appeared for trial, he did not bring the file. He indicated that he did not receive the subpoena until the previous day and was unable to retrieve the file from storage. The trial court requested the telephone number of Becker's firm and spoke with Becker's partner in the presence of counsel in an attempt to facilitate the provision of the original file. The trial court was successful and rescheduled the matter so that Becker could bring the file. Prior to making the call, the trial court indicated to counsel off the record that it previously had office space on the same floor as Becker's firm. No objection or request for a recusal was made by either party.

On December 18, 2002, the trial court awarded Dennis $20,000 for her claims for uninsured motorist benefits and first-party benefits. All other claims were found in favor of SEPTA. Dennis filed a motion for post-trial relief arguing that the trial court was biased in favor of protecting Dennis' former counsel against a malpractice lawsuit as it used to have office space on the same floor as his firm. By order dated February 20, 2003, the trial court denied Dennis' motion. On February 26, 2003, the trial court vacated its prior order and granted Dennis' motion for post-trial relief. SEPTA then appealed, arguing that the grounds on which relief was sought were not raised by Dennis prior to or during trial; the grounds on which relief was sought were not sufficiently specified in the motion for post-trial relief; the granting of post-trial relief was not supported by the record; there was no evidence to support a finding other than the trial court's finding of December 18, 2002;

and, no new bases for relief were advanced from the time the trial court denied post-trial relief to the time the trial court vacated said order and granted post-trial relief.

In an opinion in support of its order, the trial court found that the grounds upon which relief was requested were not raised prior to or at trial. The trial court found that Dennis did not object or make a motion for recusal when the trial judge disclosed that it previously had an office on the same floor as Dennis' former counsel. Dennis also did not object or make a motion for recusal when the trial judge raised the issue of a potential malpractice suit against Dennis' former counsel and stated that the suit before it was not such a suit.[1] The trial court found that Dennis' claims were waived. Nevertheless, "in the interests of justice," the trial court reached the merits of her claims. The trial court found that there was "the suggestion of an appearance of impropriety created by the communications with former Plaintiff's counsel's firm." The trial court explained

Given this court's ties to Mr. Becker's firm and communications with this firm in attempting to obtain requested materials, as well as this court's personal involvement in the matter by making such contacts with Mr. Becker's firm, this court felt that there was a suggestion of an appearance of impropriety. Hence, despite the fact that this court did not prejudge this matter and was willing to follow the law and nothing to the contrary was established by Plaintiff, this court believed that it had no choice and was proper to grant a new trial as requested by Plaintiff in her motion for post-trial relief.

1. The trial court stated that it raised the issue due to the fact that Becker and/or his firm were not a party to the matter before it. The trial court stated that it advised Dennis' counsel that the matter before it was not a malpractice suit and that it was not the place to attempt to prove malpractice on the part of Becker, as Dennis' counsel appeared to be attempting to do.

Trial Court Opinion, p. 10. The trial court also found that the weight and credibility of the evidence supported the court's finding that SEPTA was not negligent; that punitive damages could not properly be awarded, and that the trial court did not abuse its discretion in denying Dennis' request for a court en banc with respect to the post-trial motions. SEPTA now appeals to this Court.

On appeal, SEPTA argues that the trial court erred (1) in granting a new trial after deciding that the issue was waived by Dennis' failure to raise the issue at trial, and (2) in granting a new trial based on the "suggestion of an appearance of impropriety."

■ In *Harman ex rel. Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116 (2000), our Supreme Court reexamined the appropriate standard of review of a motion for a new trial at both the trial court and appellate levels. When responding to a request for a new trial, the trial court must follow a two-step process. *Id.* The trial court must first determine whether one or more mistakes occurred at trial. *Id.* If the trial court concludes that a mistake occurred, it must determine whether the mistake provided a sufficient basis for granting a new trial. *Id.* A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate prejudice resulting from the mistake. *Id.*

■ The Court then set forth an additional two-step analysis for appellate review of a trial court's determination to grant a new trial. First, the appellate court must examine the decision of the trial court to determine whether it agrees that a mistake was made. *Id.* In so doing, the appellate court must apply the correct standard of review. *Id.* If the mistake involved a discretionary act, the appellate court will review for an abuse of discretion; if the mistake concerned an error of law, the court will scrutinize for legal error. *Id.* If there were no mistakes at trial, the appellate court must reverse a decision by the trial court to grant a new trial because the trial court cannot order a new trial where no error of law or abuse of discretion occurred. *Id.*

■ SEPTA first argues the trial court erred as a matter of law in granting Dennis a new trial. SEPTA contends that Dennis waived the issues of judicial bias and recusal of the trial judge by failing to raise them until post-trial motions.

■ In order to preserve an issue for appeal, a litigant must make a timely, specific objection at trial and must raise the issue on post-trial motions. *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 489 A.2d 1291 (1985). Issues not preserved for appellate review cannot be considered by an appellate court even though the alleged error involves a basic or fundamental error. *Id.* Requiring a litigant to make a timely, specific objection during trial ensures that the trial court has a chance to correct alleged trial errors. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

■ In order to preserve the issue of judicial bias for appeal, Dennis had to make a timely, specific objection at trial and raise that issue on post-trial motions. *Reilly.* It was not enough to raise the issue for the first time in post-trial proceedings. *Id.* Dennis did not raise the issue of the trial judge's alleged bias during the trial. She has therefore waived that issue.[2]

2. There is a limited exception to the waiver doctrine. Where it appears from all the cir-

Although the trial court found that Dennis had waived the issue, the trial court addressed the issue "in the interest of justice."[3] The trial court concluded that there was a "suggestion of an appearance of impropriety" which necessitated the grant of a new trial. SEPTA argues that "suggestion of an appearance of impropriety" is not the proper standard for recusal.

In general, recusal is required whenever there is substantial doubt as to a jurist's ability to preside impartially. *Rohm and Haas Co. v. Continental Casualty Co.*, 732 A.2d 1236 (Pa.Super.1999), *aff'd*, 566 Pa. 464, 781 A.2d 1172 (2001). Because the integrity of the judiciary is compromised by the appearance of impropriety, a jurist's recusal is necessary where his behavior appears to be biased or prejudicial. *Id.* Generally, recusal is warranted where the appearance of impropriety arises because of a judge's pecuniary interest in a controversy or because of a consanguineal relationship between the judge and one of the litigants. *Hunter.* Before it can be said that a judge should have recused himself or herself, the record must clearly show prejudice, bias, capricious disbelief or prejudgment. *Id.*

The record here does not clearly show prejudice, bias, capricious disbelief or prejudgment. The mere fact that trial judge previously had office space on the same floor as Dennis' former counsel, without more, does not provide a basis for the trial judge's recusal. The fact that the trial judge made a telephone call, in the presence of both attorneys, to Dennis' former counsel's law firm, in an attempt to procure a file that Dennis herself had subpoenaed, does not raise a substantial doubt as to the judge's ability to preside impartially. Finally, the trial judge's comments about malpractice do not clearly show prejudice, bias, capricious disbelief or prejudgment. The record thus fails to demonstrate that recusal was warranted. Accordingly, the trial court erred in awarding Dennis a new trial.

The order of the trial court granting Dennis' motion for post-trial relief is reversed, and the court's previous order denying the motion is reinstated.

### ORDER

AND NOW, this 8th day of October, 2003, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter granting the motion for post-trial relief filed by Allison Dennis is reversed, and the court's previous order denying the motion is reinstated.

cumstances that a timely objection to perceived judicial misconduct would be meaningless, a party may choose to raise the issue for the first time in post-trial motions to preserve it for appellate review. *Commonwealth v. Hammer*, 508 Pa. 88, 494 A.2d 1054 (1985). In *Hammer*, the trial judge repeatedly interrupted defense counsel during his direct examination of the defendant and defense witnesses to ask prosecutorial-style questions, failed to rule on defense objections, and bolstered the Commonwealth's case with his comments and questions. Dennis did not allege in her post-trial motion that it would have been futile to raise the issue of judicial bias during the trial, nor does she allege the type of egregious conduct which occurred in *Hammer*. Accordingly, the limited exception to the waiver doctrine does not apply.

3. We will assume for purposes of this issue that the trial court did not err in considering the recusal issue.