# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Andre Yanick Aina, : | |
| Appellant : | |
| : | |
| v. : | |
| : | |
| Richard C. Smith, Warden, Centre : | |
| County Correctional Facility; Deputy : | |
| Warden Joe Koleno; Lieutenant Mark : | |
| Rusnak; Lieutenant Ashley Delker; : | |
| Correctional Officer Ty Corl; : | |
| Correctional Officer Sage Lear; : | |
| Correctional Officer Chris Baughman; : | |
| Correctional Officer Jordan Luzier; : | |
| Correctional Officer David Bryan; : | |
| Correctional Officer Dayne McKee; : | |
| Correctional Officer John Doe; Holly : | |
| Baney, PA-C; Kim Lefebvre, LPN; and : | No. 669 C.D. 2018 |
| Kristy Ammerman, LPN : | Submitted: September 7, 2018 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                              FILED:  December 19, 2018

Andre Yanick Aina (Appellant) appeals the December 14, 2017 order of the Court of Common Pleas of Centre County sustaining the preliminary objections filed by Richard Smith, Joe Koleno, Mark Rusnak, Ashley Delker, Ty Corl, Sage Lear, Chris Baughman, Jordan Luzier, David Bryan, Dayne McKee, Melanie Gordon, and George Murphy (collectively, the Corrections Defendants) and those filed by Holly Baney, Kim Lefebvre, and Kristy Ammerman (collectively, the Medical Defendants) and dismissing Appellant's Amended Complaint.  Upon review, we affirm.

On May 11, 2017, Appellant filed his civil "Petition/Complaint" (Complaint) seeking damages in compensation for various wrongs he alleges were visited upon him by the Corrections Defendants and the Medical Defendants in relation to an ankle injury sustained during a period of pre-trial detainment prior to his December 2015 conviction of Firearms Not to Be Carried Without a License, 18 Pa.C.S. § 6106(a)(1), and related charges. The Corrections Defendants and the Medical Defendants filed preliminary objections to Appellant's Complaint on July 14, 2017 and August 4, 2017, respectively. The preliminary objections each sought dismissal of Appellant's Complaint based on improper service and demurrers as to all defendants.[1]

On October 16, 2017, Appellant filed a "Motion to Supplement Initial Pleading" seeking, *inter alia*, to add two prison officials as defendants. Thereafter, on October 24, 2017, the trial court issued an order that declared the Corrections Defendants' and the Medical Defendants' previously-filed preliminary objections moot and required all defendants to respond to Appellant's Amended Complaint within 20 days. In response to the trial court's order, the Corrections Defendants, including the two newly-added defendants, and the Medical Defendants each filed preliminary objections to Appellant's Amended Complaint on October 27, 2017 and November 3, 2017, respectively, again raising improper service objections and demurrers as to each defendant.[2]

---

[1] The Medical Defendants' preliminary objections also raised Appellant's failure to include a notice to defend with the Complaint.

[2] The Corrections Defendants also raised an objection challenging the specificity of the Amended Complaint's allegations.

On November 9, 2017, the trial court issued two orders, each of which required Appellant to respond to the Corrections Defendants' preliminary objections and the Medical Defendants' preliminary objections by November 29, 2017. The orders explicitly stated that "[a]bsent compelling circumstances, no continuances shall be granted, including continuances by stipulations of counsel." Trial Court Orders of November 9, 2017 at ¶ 3. Appellant filed no response of any kind to either the Corrections Defendants' preliminary objections or the Medical Defendants' preliminary objections.

On December 14, 2017, the trial court issued an order sustaining the Corrections Defendants' preliminary objections and the Medical Defendants' preliminary objections. On January 8, 2018, Appellant filed a Notice of Appeal.[3] On February 8, 2018, the trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b) within 21 days. On February 26, 2018, Appellant filed "Appellant-Plaintiff Andre Aina's Concise Statement of Errors Complained of on Appeal" (1925(b) Statement) raising a failure to recuse claim and a claim that Appellant was prevented from responding to the preliminary objections on account of being physically incapacitated.[4] On March 1, 2018, the trial court filed its opinion

---

[3] Appellant initially filed his Notice of Appeal in the Superior Court of Pennsylvania, which transferred the matter to this Court by order dated May 18, 2018.

[4] Appellant's 1925(b) Statement set forth his allegations of error as follows:

> 1. Judicial Abuse of Power through Subject Matter Jurisdiction of having ruled on both the Appellant-Plaintiff's open criminal and civil matters, showing bias, impartiality, and impropriety through a supervisory duty over a Defendant, in the Original Complaint, in a work and social proffessional [sic] relationship and not having

pursuant to Pa.R.A.P. 1925(a).[5] All parties have submitted briefs and the matter now comes before this Court for resolution.

Before addressing the merits of Appellant's claims on appeal, however, we must determine whether those claims are properly before this Court. Both the Corrections Defendants and the Medical Defendants argue that Appellant's appeal raises neither substantive nor procedural challenges to their preliminary objections or the trial court's order thereon, but instead attempts to challenge the trial court's order by raising claims that were never before the trial court. *See* Corrections Defendants' Brief at 8-10; Medical Defendants' Brief at 12-14. Specifically, the defendants view Appellant's 1925(b) Statement as raising three issues: 1) that

> disclosed any of this information disqualifying him in the instant case.
>
> 2. Extraordinary Circumstance of the Appellant-Plaintiff being physically incapacitated, Proof through Medical Records, from corresponding in any legal motion due to being legally incapacitated as a Pro Se Litigant[.]

Appellant-Plaintiff Andre Aina's Concise Statement of Errors Complained of on Appeal.

[5] Pennsylvania Rule of Appellate Procedure 1925(a) requires a trial court, upon the filing of a notice of appeal, to file an opinion that details the reasons for the appealed order or specify in the record where its reasoning may be found. *See* Pa.R.A.P. 1925(a). "The purpose of the rule is to provide the appellate court with a reasoned basis for the trial court's order." *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 537 n.2 (Pa. Cmwlth. 2000). We note with displeasure that, in purported compliance with Pennsylvania Rule of Appellate Procedure 1925(a), the trial court submitted a one-paragraph opinion that states, in its entirety:

> AND NOW, this 1st day of March, 2018, this Court has received Plaintiff's Statement of Matters Complained of on Appeal. The Court relies on the record and its reasoning in various Orders. The Court respectfully requests that its decision remain undisturbed.

Pa.R.A.P. 1925(a) Opinion dated March 1, 2018. The trial court's Rule 1925(a) opinion in this matter is woefully insufficient.

4

Appellant was physically unable to respond to the preliminary objections as directed; 2) that the trial court had a conflict of interest and/or engaged in *ex parte* communications with one of the Corrections Defendants; and 3) the trial court was biased or prejudiced against him. *See* Corrections Defendants' Brief at 13; Medical Defendants' Brief at 8-9. Additionally, the defendants also acknowledge that Appellant attempts to raise a fourth claim – that he is entitled to a change of venue – in his brief to this Court. *See* Corrections Defendants' Brief at 13; Medical Defendants' Brief at 9; *see also* Appellant's Brief at 8-11.[6] The Corrections Defendants and the Medical Defendants both argue that Appellant has waived all these claims by failing to raise them before the trial court. *Id.* We agree.

Pennsylvania's Rules of Appellate Procedure provide that, generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. "Precedent construing Rule 302 confirms the waiver, clarifying [that] a 1925(b) Statement can [] never be used to raise a claim in the first instance." *Butler v. Dauphin Cty. Dist. Attorney's Office*, 163 A.3d 1139, 1143 (Pa. Cmwlth. 2017); *see also Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) ("Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance."); *see also In re Oren*, 159 A.3d 1023, 1026 (Pa. Cmwlth. 2017) (finding waived issue raised for the first time in Pa.R.A.P. 1925(b) statement). Specifically, a party seeking a trial judge's recusal must assert specific grounds for the request in a recusal motion for the trial court's consideration. *Rohm & Haas Co. v. Cont'l Cas. Co.*, 732 A.2d 1236, 1260–61 (Pa. Super. 1999); *see also*

---

[6] Appellant's Brief includes no page numbers. Because of the unconventional structure of Appellant's *pro se* Brief, for the purposes of simplification, this Court begins its supplied pagination with the cover page.

5

*Dennis v. Se. Pa. Transp. Auth.*, 833 A.2d 348, 352 (Pa. Cmwlth. 2003). Likewise, litigants must also present venue change requests to the lower court or they are waived. *Commonwealth v. Fremd*, 860 A.2d 515, 520–21 (Pa. Super. 2004).

Instantly, Appellant has waived his claims. Appellant claims a wrist injury he sustained around the time his responses to the preliminary objections were due represented a compelling circumstance that prevented him from responding to the preliminary objections as ordered. However, even assuming his wrist was injured as he claims, Appellant filed neither a motion for continuance nor a motion for an extension of time explaining to the trial court that his injury represented a compelling circumstance upon which the trial court could have extended the November 29, 2017 date before which Appellant needed to respond to the preliminary objections. Likewise, Appellant never filed a motion for reconsideration after the trial court's order sustaining the preliminary objections upon which the trial court could have revisited its determinations.[7] Additionally, Appellant never filed a recusal motion or venue change request of any sort upon which the trial court could have ruled. As such, the trial court never entered an order denying either recusal or venue change from which Appellant may now appeal. In short, the claims Appellant purports to raise in his 1925(b) Statement and brief are waived, and he may not raise them now for the first time on appeal.

Accordingly, we affirm the trial court's order.

---

[7] We note that the purported medical records Appellant attached as exhibits to his brief do not form part of the original record of this matter and cannot now be considered by this Court on appeal. *See Pa. Dep't of Educ. v. Bagwell*, 114 A.3d 1113, 1120 (Pa. Cmwlth. 2015) ("We will not consider documents attached to a brief or included in a reproduced record that were not part of the certified record.").

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Andre Yanick Aina,                         :
                    Appellant              :
                                           :
            v.                             :
                                           :
Richard C. Smith, Warden, Centre           :
County Correctional Facility; Deputy       :
Warden Joe Koleno; Lieutenant Mark         :
Rusnak; Lieutenant Ashley Delker;          :
Correctional Officer Ty Corl;              :
Correctional Officer Sage Lear;            :
Correctional Officer Chris Baughman;       :
Correctional Officer Jordan Luzier;        :
Correctional Officer David Bryan;          :
Correctional Officer Dayne McKee;          :
Correctional Officer John Doe; Holly       :
Baney, PA-C; Kim Lefebvre, LPN; and        :   No. 669 C.D. 2018
Kristy Ammerman, LPN                       :


PER CURIAM

O R D E R


        AND NOW, this 19th day of December, 2018, the December 14, 2017

order of the Court of Common Pleas of Centre County is AFFIRMED.