IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia : 
 : 
v. : No. 1759 C.D. 2019
 : Argued:  April 9, 2024
Mom Investments, LLC, : 
 : 
Appellant : 


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                      HONORABLE STACY WALLACE, Judge
                      HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                         FILED:  July 22, 2024


        Mom Investments, LLC (Landowner) appeals from the final order of the Court of Common Pleas of Philadelphia County (trial court) that fined Landowner a total of $200,400 for violations of The Philadelphia (City) Code of General Ordinances (Code).[1]  Landowner argues that the City exceeded its statutory authority when it imposed fines exceeding $2,300 per violation, and that the total fine imposed violates constitutional prohibitions against excessive fines.  The City argues that Landowner waived its statutory and constitutional excessive fines arguments because it failed to raise the issues at trial.  If not waived, the City responds that the fines imposed are authorized by statute and are not unconstitutionally excessive.  We consider the following questions:   whether

_____
        [1] Philadelphia, Pa., Code of General Ordinances (Code) §§1-101 – 22-1409 (2020).

Landowner waived its statutory and constitutional excessive fines challenges to the fine imposed when it failed to raise these issues before the trial court, raising them for the first time in its Statement of Errors Complained of on Appeal (1925(b) Statement);[2] if not waived, did the City exceed its authority under Section 17 of the First Class City Home Rule Act (Home Rule Act)[3] and the Philadelphia Home Rule Charter[4] in imposing a total fine exceeding $2,300 per violation; and, if not waived,

---

[2] Pa.R.A.P. 1925(b) provides that, after receipt of a notice of appeal, the trial court may direct the appellant to file a concise statement of the errors complained of on appeal (1925(b) Statement).

[3] Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §13131. Section 17 of the Home Rule Act states, in pertinent part:

> Ordinances, rules[,] and regulations adopted under the authority of this act or under the provisions of any charter adopted or amended hereunder shall be enforceable by the imposition of fines, forfeitures[,] and penalties, not exceeding two thousand three hundred dollars ($2,300), and by imprisonment for a period not exceeding ninety days. Notwithstanding the other provisions of this section, a city of the first class may increase any fine, forfeiture or penalty authorized under this section, provided that the increase does not exceed four hundred dollars ($400) in any calendar year and the total amount of the fine, forfeiture or penalty does not exceed two thousand dollars ($2,000).

[4] Section 1-100 of the Philadelphia Home Rule Charter states, in relevant part:

> The City shall have the power to enact ordinances and to make rules and regulations necessary and proper for carrying into execution its powers; and such ordinances, rules and regulations may be made enforceable by the imposition of fines, forfeitures and penalties not exceeding three hundred dollars and by imprisonment for a period not exceeding ninety days or by such greater fines, forfeitures and penalties and periods of imprisonment as the General Assembly of the Commonwealth of Pennsylvania may from time to time authorize.

**(Footnote continued on next page…)**

did the City violate constitutional prohibitions against excessive fines in the Eighth Amendment of the United States Constitution[5] and article I, section 13 of the Pennsylvania Constitution[6] when it assessed fines totaling $200,400. Because we conclude that Landowner waived its excessive fines challenge, we affirm.

The trial court summarized the relevant background from the record as follows.[7] Landowner is the owner of a large warehouse building in the Fishtown neighborhood of Philadelphia, located at 2316 East Cabot Street, Philadelphia, Pennsylvania (Property).[8] Reproduced Record (R.R.) at 333a. On April 11, 2018, the City Department of Licenses and Inspections (Department) issued Landowner an initial notice of violation informing Landowner that it was in violation of the Code for constructing an addition to the Property without or in excess of a proper permit, issued a stop work order, and issued a final warning alleging that a contractor disregarded the stop work order and continued to work on the Property. R.R. at 41a-

Philadelphia Home Rule Charter art. I, §1-100. The three hundred dollar ($300) maximum limit on fines, forfeitures, and penalties was increased to $2,300 by the General Assembly effective November 30, 2004. Act of November 30, 2004, P.L. 1523, No. 193.

[5] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Eighth Amendment is made applicable to the states through the Fourteenth Amendment." U.S. Const. amend. XIV; *Commonwealth v. Real Property and Improvements Commonly Known as 5444 Spruce Street, Philadelphia, PA*, 832 A.2d 396, 399 (Pa. 2003).

[6] Pa. Const. art. I, §13. Article I, section 13 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Our Supreme Court held that article I, section 13 of the Pennsylvania Constitution is coextensive with the Eighth Amendment to the United States Constitution. *5444 Spruce Street*, 832 A.2d at 399.

[7] The Trial Court Order dated November 7, 2019, may be found in the Reproduced Record (R.R.) at 333a-42a.

[8] Michael Murawsky (Murawsky) is the sole member of Mom Investments, LLC, and he is also the contractor performing construction work on the Property. *See* R.R. at 141a-47a.

3

54a. On July 24, 2018, the Department issued Landowner an initial notice of violation informing Landowner that it was in violation of the Code for completing electrical work at the Property without or in excess of a proper permit, issued a stop work order, and issued a final warning for violation of the stop work order. *Id.* at 55a-59a. On July 24, 2018, the Department issued Landowner another initial notice of violation informing Landowner that it was in violation of the Code for installing new plumbing work at the Property without or in excess of a proper permit, issued a stop work order, and issued a final warning for violation of the stop work order. *Id.* at 61a-65a. On July 24, 2018, the Department issued Landowner another initial notice of violation informing Landowner that it was in violation of the Code for installing a new heating, ventilating, and/or air conditioning (HVAC) system at the Property without or in excess of a proper permit, issued a stop work order, and issued a final warning for violation of the stop work order. *Id.* at 67a-71a. Each notice included written instructions on Landowner's right to appeal and the potential fines that could be imposed for each day the violations remained uncorrected. *Id.* at 41a-71a. Landowner did not appeal any of the notices of violation. *Id.* at 23a.

On September 14, 2018, the City filed a complaint against Landowner alleging that Landowner had not corrected any of the violations on the Property and continued to perform work without or in excess of required permits. R.R. at 19a-72a. The same day, the City filed a petition seeking injunctive relief and a petition for rule to show cause why the requested relief should not be granted. *Id.* After Landowner failed to file an answer to the complaint, the City filed a praecipe for entry of default judgment. *Id.* at 4a. After a hearing and based on the agreement of the City and Landowner, the trial court issued an order dated December 20, 2018, to continue the matter and permit Landowner to correct the violations. Supplemental

4

Reproduced Record (S.R.R.) at 1b.[9]  The trial court explained that, based on inspections of the Property by the Department pertaining to each of the four violations, Landowner continued to perform unpermitted work on the Property despite a posted stop work order, and Landowner had not submitted any new permit applications since the filing of the complaint.  *Id.* at 1b-2b.  The trial court ordered Landowner to stop all unpermitted work on the Property, to obtain the required permits, and to permit the Department to inspect the Property.  *Id.* at 3b.  The trial court imposed a $20,000 conditional fine to be made absolute at any future hearing for failure to comply with the trial court's orders and ordered Landowner to pay a reinspection fee of $400.  *Id.* at 4b.

The trial court held another hearing on January 29, 2019, at which both parties, represented by counsel, participated.  The City presented testimony and documentary evidence from several Department inspectors, who testified to various inspections performed or attempted at the Property.  Landowner presented testimony from Murawsky.  R.R. at 74a-208a.  After the hearing, the trial court issued an order dated January 29, 2019, in which it found that Landowner denied Department inspectors access to portions of the Property, failed to apply for or obtain any new permits, and continued to perform unpermitted electrical and construction work on the Property in violation of the trial court's December 20, 2018 order.  S.R.R. at 6b-11b.  The trial court found that the unpermitted electrical and construction work performed on the Property deviated from the only building permit then in effect,

---

[9] Pa.R.A.P. 2173 states: "Except as provided in Rule 2174 (tables of contents and citations), the pages of . . . any supplemental reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc. . . . and followed in any supplemental reproduced record by a small b, thus 1b, 2b, 3b, etc."  Although the pagination of Appellee's Supplemental Reproduced Record does not conform to the foregoing Rule, we will cite to the relevant pages as required by the Rule.

resulting in "new conditions" that "constitute a hazard to public safety, placing the [Property] at risk of fire and/or collapse." *Id.* at 7b-8b. The trial court revoked the existing building permit, ordered Landowner to amend that permit or obtain a new permit for the unpermitted third-floor addition and first-and-second-floor renovations on the Property, ordered Landowner to stop all construction activity at the Property until the necessary permits have been issued, ordered Landowner to obtain the necessary electrical, plumbing, and HVAC permits, and ordered Landowner to permit the Department to inspect the Property. *Id.* at 8b-10b. The trial court made absolute the conditional fine of $20,000 from its December 20, 2018 order, and imposed a new conditional fine of $40,000, to be made absolute at any future hearing for Landowner's failure to comply with the trial court's orders. *Id.* at 11b. The trial court scheduled a further hearing to determine whether Landowner remained in compliance with the Code, and if not, what fines and costs should be imposed. *Id.*

On March 22, 2019, the City filed a motion to enforce and petition for contempt, alleging that Landowner failed to comply with the trial court's earlier orders. R.R. at 8a. The trial court issued a rule to show cause and scheduled a hearing. *Id.* At the hearing on May 9, 2019, counsel for the City and Landowner appeared to present three separate orders by agreement, which the trial court issued on the same date. R.R. at 209a-211a. The trial court first issued an order to continue and comply with the violations by agreement, in which it found that no new permits had been issued for the Property and that Landowner submitted an application for a new permit for the addition on the Property which was still under review by the Department. *Id.* at 212a-17a. The trial court found that, based on the Department's reinspection of the Property, unpermitted work continued on the Property since the

6

last hearing, the third-story addition and other structural modifications performed by Landowner raised zoning, structural, and safety concerns, and that "these new conditions constitute a hazard to public safety, placing the [Property] at risk of fire and/or collapse." *Id.* at 212a-14a. The trial court ordered Landowner to submit a detailed engineering plan to the Department and to allow Department inspectors full access to the Property. *Id.* at 214a-17a.

The trial court next issued a rule absolute on petition for contempt by agreement, in which it concluded that Landowner violated the trial court's December 20, 2018 and January 29, 2019 orders by performing unpermitted construction work on the Property, specifically by installing five doors and excising an archway, despite clear warnings that these activities made the Property at risk for collapse. S.R.R. at 12b-16b. The trial court advised that Landowner must obey the trial court's orders or else be found in contempt. *Id.* at 15b. The trial court advised that, upon a finding of contempt, it would impose a fine of $25,000 for each separate instance of violation of the trial court's orders, separate from and in addition to any statutory fines imposed for Code violations. *Id.* at 15b-16b. The trial court issued a third order on motion to enforce the order of January 29, 2019, by agreement, in which the trial court reiterated that Landowner continued to perform unpermitted construction work on the Property in violation of the trial court's January 29, 2019 order, made absolute the conditional fine of $40,000 from its January 29, 2019 order, and imposed a new conditional fine of $50,000, to be made absolute at any future hearing for Landowner's failure to comply with the trial court's orders. *Id.* at 17b-19b.

The trial court scheduled another hearing, after which it issued an order to continue and comply with the violations dated August 15, 2019. S.R.R. at 20b-

7

25b. In that order the trial court found that Landowner obtained a building permit to allow interior demolition at the Property to expose walls in the garage area and framing under the third-story addition, so that the Department could inspect these areas. *Id.* at 20b. The trial court also found that Landowner obtained a zoning permit for the Property and a portion of the adjacent property, "relocating the lot lines" to create four separate parcels designated as parcels A, B, C, and D, all of which remained under the jurisdiction of the trial court, and which continued to be designated as the Property. *Id.* at 21b. The trial court ordered Landowner to submit engineering plans for various foundation, wall, and roof assemblies to the Department, along with a plan to legalize the Property and bring it into compliance with the Code, and to permit the Department to inspect the Property. *Id.* at 22b-23b. The trial court did not impose any fines in this order and scheduled another hearing to determine whether Landowner remained in compliance with the Code, and if not, what sanctions should be imposed. *Id.* at 23b-25b.

The trial court held another hearing on November 7, 2019, at which both parties, represented by counsel, participated. The City presented testimony and documentary evidence from several Department inspectors who testified to various inspections that were performed or attempted at the Property. Landowner presented testimony from Murawsky and from John Higgins, its Code consultant. R.R. at 218a-332a. After the hearing the trial court issued a final order dated November 7, 2019, which is the subject of this appeal. As to the status of permits for the Property, the trial court found that Landowner retained a building permit for interior demolition so that the Department could uncover and inspect certain structures on the Property, another building permit had been revoked, and two permit applications had been marked abandoned because Landowner failed to respond to the

8

Department's requests for additional information. *Id.* at 333-34a. The trial court also found that Landowner obtained a zoning permit to relocate lot lines to create four separate parcels, which remained designated as the Property over which the trial court retained jurisdiction. *Id.* at 334a. As to the status of fines, the trial court found that Landowner had not paid the $400 reinspection fee, the $20,000 fine made absolute on January 29, 2019, or the $40,000 fine made absolute on May 9, 2019. *Id.* The trial court also noted that it imposed a conditional fine of $50,000 on May 9, 2019, to be made absolute at a future hearing for Landowner's failure to comply. *Id.* at 335a. The trial court summarized the testimony and evidence presented by the City and found that Landowner violated the trial court's January 29, 2019 order and its May 9, 2019 rule absolute on the petition for contempt by agreement by allowing unpermitted construction work to be performed on the Property on one occasion, on September 18, 2019. *Id.* at 335a-36a. Based on this single violation, the trial court imposed a $25,000 fine for contempt, pursuant to its May 9, 2019 rule absolute on petition for contempt by agreement. *Id.* at 337a. The trial court acknowledged that the City asserted statutory fines totaling $849,000, which had accumulated for the four notices of violation, at a rate of $300 per day for basic violations.[10] *Id.* at 335a-36a. The trial court also found that the Property was valued at $232,000. *Id.* at 336a.

As to the imposition of fines, the trial court made absolute the conditional fine of $50,000 from its May 9, 2019 order on motion to enforce the order of January 29, 2019 by agreement, which was in addition to the $20,000 and $40,000 fines already imposed, and in addition to the $25,000 fine for one instance of contempt. The trial court imposed a statutory fine of $65,000, reduced from the $849,000 asserted by the City, separate from the fines already imposed. The trial

---

[10] The first violation continued for 576 days, the second violation for 435 days, the third violation for 404 days, and the fourth violation for 404 days. R.R. at 335a-36a.

9

court also acknowledged that the $400 reinspection fee was also unpaid and due.[11] The trial court set the deadline of January 10, 2020, for Landowner to pay all fines. R.R. at 340a-41a. The trial court further ordered that Landowner would be subject to ongoing statutory fines of $300 per day for each day the four violations remained uncorrected.[12] *Id.* at 341a. The trial court also ordered Landowner to not allow unpermitted construction work to be performed on the Property, to submit a detailed engineering plan to the Department, to allow the Department to inspect the Property, and to follow all approved plans "for all issued permits, without deviation," including any plan amendments approved by the Department. *Id.* at 338a-39a.

Landowner timely appealed the trial court's November 7, 2019 order to this Court. Landowner filed a timely 1925(b) Statement, which is presented in narrative form, contains 13 separate allegations of error, and includes allegations that the fines imposed were "punitive in nature" and "excessive, punitive and disproportionate." R.R. at 380a, 381a. The trial court filed its Pa.R.A.P. 1925(a) opinion dated January 21, 2020,[13] in which it reproduced Landowner's 1925(b) Statement in its entirety and addressed each alleged error in turn. The trial court

---

[11] In its November 7, 2019 order, the trial court imposed fines totaling of $200,400. The City filed a praecipe for entry of judgment against Landowner in the amount of $200,400. *See* R.R. at 18a. Although the trial court's opinion indicated that the fines imposed totaled $232,000, the City agrees this was a mistake. *See* Trial Court Opinion, January 21, 2020, at 1, 3; Appellee's Brief at 19. We conclude that the fines at issue here total $200,400 based on the trial court's order and the docket.

[12] Because the trial court did not reduce these fines to a sum certain or impose these fines on Landowner, future statutory fines are not subject to this appeal.

[13] Although the Trial Court Opinion is undated, the docket reflects it was filed on January 21, 2020. R.R. at 17a. The Trial Court Opinion, January 21, 2020, is attached as an exhibit to Appellant's Brief.

10

opined that the 1925(b) Statement "was not drafted in accordance with Pa.R.A.P. 1925(b)." Trial Court Opinion, 1/21/20, at 16.

Relevant here, the trial court concluded that the Department established that Landowner violated the trial court's orders to "cease construction and operations until permits had been issued." Trial Court Opinion at 16-18. The trial court also concluded the contempt fine and statutory fines were properly imposed. *Id.* at 18, 23. As to whether any of these fines were excessive, the trial court explained that "[u]nder an [e]xcessive [f]ines analysis, courts will uphold a fine unless it is 'grossly disproportional' to the offense," citing in support *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1281 (Pa. 2014). Trial Court Opinion at 19, 22, 23, 24, 25, 26, 29. As to the $25,000 contempt fine, the trial court concluded that it was not excessive because Landowner was aware from the May 9, 2019 court order that it could not conduct work on the Property until it secured a proper building permit and that it "failed to secure permits, failed to obtain reinspections of the [Property] and failed to comply with all open violations." Trial Court Opinion at 19. As to the conditional fines reduced to absolute fines in the amounts of $20,000, $40,000, and $50,000, the trial court concluded these fines were

> not grossly disproportional to the offense because each of the conditional/absolute fines is an accumulation of violations of every [trial court] order prior to the [f]inal [o]rder. Each fine is imposed for failure to abide by the [s]top [w]ork/[c]ease [o]perations [o]rders. [Landowner] has numerous violations which are all deemed valid after [its] failure to appeal the issuance of said violations by [the Department.] Moreover, the averments within the City's [c]omplaint [] are deemed valid due to [Landowner's] failure to file an [a]nswer to the [c]omplaint.

Trial Court Opinion at 22-23. As to the $65,000 statutory fine imposed, the trial court concluded that the Code provides that each day a violation remains open after

11

the issuance of a notice of violation constitutes a separate offense. *Id.* at 23. The trial court imposed the statutory fine after Landowner's repeated violations and its failure "to obtain the necessary building permits to complete the work at the [P]roperty. [Landowner] continued to permit workers onto the [P]roperty for construction purposes, despite [c]ourt [o]rders. Prior applications for permits submitted by [Landowner] were left abandoned after no further responses/actions were taken." *Id.* at 23. The trial court opined that the statutory fine of $65,000 was not "grossly disproportional to the offense" because Landowner "has numerous violations which are all deemed valid" after his failure to appeal or file an answer.

The trial court further opined that the collective fines were not punitive in nature because they were imposed after repeated violations of the Code. Trial Court Opinion at 26. The trial court concluded that the collective fines

> are not punitive in nature as the City is entitled to statutory fines after the extensive amount of time the [P]roperty has remained under noncompliance. The evidence also indicates that [Landowner] has not done everything possible to have the [Property] comply with the [] Code permits. [Landowner] has failed to act on applications submitted for building permits, leading to those applications to be abandoned. [Landowner] also continued to allow contractors onto [its] [P]roperty to perform work, despite [c]ourt [o]rders. [Landowner] has also kept the Department [] from performing necessary inspections of the [P]roperty.

*Id. See also* Trial Court Opinion at 28-29. The trial court noted that "it is unclear" if Landowner's attorney reviewed the record and previous court orders "to know the history of the case." *Id.* at 21.[14] The trial court concluded that the City's complaint

---

[14] According to the trial court docket and this Court's docket, Landowner has had four different attorneys representing it in this matter, three for trial court proceedings, and another attorney for the appeal.

included a request for statutory fines to be assessed, and the record and court orders "provide sufficient knowledge as to the statutory fines and earlier violations on the [P]roperty." *Id.* at 21. The trial court found that the Property "has been in noncompliance for an extensive period of time and despite numerous [c]ourt hearings and the imposition of fines, [Landowner] is still in violation of the [] Code." *Id.*

Landowner presents only two questions on appeal, whether the fines assessed by the City exceed the maximum fines allowed by the Home Rule Act and City Home Rule Charter, and whether the total fine imposed is unconstitutionally excessive.[15] Before addressing the merits, we must first determine if Landowner has preserved its statutory and constitutional excessive fines challenges.

Pa.R.A.P. 302(a) provides the general rule that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." To preserve an issue for appeal, a litigant must make a timely, specific objection at trial and must raise the issue in post-trial motions, where post-trial motions are required. *Municipal Authority of the Borough of Midland v. Ohioville Borough Municipal Authority*, 108 A.3d 132, 136-37 (Pa. Cmwlth. 2015). "Issues not preserved for appellate review cannot be considered by this Court, even if the alleged error involves a 'basic or fundamental error.'" *Id.* at 137 (quoting *Dennis v. Southeastern Pennsylvania Transportation Authority*, 833 A.2d 348, 352 (Pa. Cmwlth. 2003)). Our Supreme Court instructed that

> in general, a Rule 1925(b) statement cannot resurrect an otherwise untimely claim or objection. *See Commonwealth v. DeLoach*, 714 A.2d 483, 486 n.8 (Pa.

---

[15] "Whether a fine is excessive under our Constitution is a question of law, therefore our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1279 (Pa. 2014).

13

C[mwlth.] 1998) (holding that issues not raised at trial cannot be raised in a 1925(b) statement); *Rutledge v. Depart*[*ment*] *of Trans*[*portation*], [508 A.2d 1306, 1306-07 (Pa. Cmwlth.] 1986) (same). Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance. Pa.R.A.P. 302.[] Pennsylvania law is clear that claims and objections that are not timely made are waived. *See Takes v. Metropolitan Edison Co.*, [695 A.2d 397, 401 (Pa.] 1997) (applying the rule of waiver in the context of trial objections).

*Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (footnote omitted). *See also Clayton v. City of Philadelphia*, 910 A.2d 93, 98 n.10 (Pa. Cmwlth. 2006).

Further, our Supreme Court has held that an excessive fines challenge is waived where the issue was not raised before an administrative tribunal. *See HIKO Energy, LLC v. Pennsylvania Public Utility Commission*, 209 A.3d 246 (Pa. 2019). This Court has also found waiver of excessive fine allegations where such allegations were not raised before the trial court. *See City of Philadelphia v. DY Properties, LLC*, 223 A.3d 717, 724 (Pa. Cmwlth. 2019); *Commonwealth v. Dennis* (Pa. Cmwlth., No. 1873 C.D. 2013, filed October 9, 2014); *In re 1448 W. Loudon Street* (Pa. Cmwlth., No. 201 C.D. 2012, filed August 19, 2013); and *Commonwealth v. 928 Lindley Avenue, Philadelphia, Pa.* (Pa. Cmwlth., No. 766 C.D. 2012, filed May 2, 2013).[16]

The City argues that Landowner waived its statutory and constitutional excessive fines challenges because it failed to raise them before the trial court,

---

[16] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

14

raising them for the first time in its 1925(b) Statement. Landowner did not respond to the City's waiver argument.[17]

---

[17] Landowner did not file a reply brief responding to the City's waiver argument. *See, e.g.*, Pa.R.A.P. 2113(a) and (c) ("In accordance with Pa.R.A.P. 2185(a) (time for serving and filing briefs), the appellant may file a brief in reply to matters raised by appellee's brief . . . and not previously addressed in appellant's brief. . . . No further briefs may be filed except with leave of court."); Pa.R.A.P. 2113, Note ("An appellant now has a general right to file a reply brief. The scope of the reply brief is limited, however, in that such brief may only address matters raised by appellee and not previously addressed in appellant's brief. No subsequent brief may be filed unless authorized by the court."). In addition, at and following oral argument, Landowner did not seek leave to cite any additional authority in rebuttal to the City's waiver argument. *See, e.g.*, Pa.R.A.P. 2501(a) ("After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument."); *see also Cole v. Pennsylvania Department of Environmental Protection*, 257 A.3d 805, 813 n.15 (Pa. Cmwlth. 2021), *appeal granted*, 302 A.3d 1195 (Pa. 2023), wherein we explained:

> After oral argument in this matter before the Court *en banc*, [the intervenor] filed an Application for Relief to File a Post-Submission Letter pursuant to Rule 2501(a) of the Pennsylvania Rules of Appellate Procedure. In that application, and the accompanying letter, [the intervenor] essentially provides a post-argument sur-reply brief on certain issues and questions that arose during oral argument. The Court did not request supplemental briefing on the issues and questions that [the intervenor] raises in its sur-reply brief. Moreover, [the intervenor] "does not allege any modification or reversal of authority relied on by either party that would necessitate the filing of such a communication." *Commonwealth v. Abdul-Salaam*, [812 A.2d 497, 504 n.3 (Pa. 2002)]. Accordingly, we will deny [the intervenor's] application to file a post-submission communication.

Notwithstanding its failure to file a reply brief, during its one-minute rebuttal time at oral argument, Landowner's counsel uttered the single word "Brunk," without any additional case name or citation, purportedly in response to the waiver argument. We assume, without verification, that Landowner was referring to *Commonwealth v. Brunk* (Pa. Cmwlth., Nos. 235-36 C.D. 2015, filed November 16, 2015) (unreported), to reply to the City's argument. Although not properly cited or discussed in a brief or at oral argument, it is apparent that this *Brunk*

**(Footnote continued on next page…)**

15

After careful review of the complete record, we conclude that Landowner failed to raise any excessive fines challenge before the trial court in any pleadings filed or at hearings. The first time that Landowner raised what can be viewed as a statutory or constitutional excessive fines challenge was in its 1925(b) Statement, when it alleged that the fines imposed were "punitive in nature" and "excessive, punitive and disproportionate." R.R. at 380a, 381a. Because Landowner raised its excessive fines challenges for the first time in its 1925(b) Statement, these issues are waived. *Borough of Midland*, 108 A.3d at 136-37; *Steiner*, 968 A.2d at 1257; *Clayton,* 910 A.2d at 98 n.10. Issues not preserved cannot be considered by this Court, even if the alleged error involves a "basic or fundamental error." *Dennis*, 833 A.2d at 352.

---

memorandum opinion is distinguishable from the case at bar. There, the magisterial district judge imposed a $1,000 fine per count of violation of the township's nuisance ordinance. *See Brunk*, slip op. at 4. On appeal, the trial court not only upheld the magisterial district judge's fine, but also imposed a new fine of $1,000 per day, finding that there was an ongoing violation of the ordinance. *See id.*, slip op. at 5.

Brunk raised the excessive fine challenge the first time in his Pa.R.A.P. 1925(b) Statement. This Court, in rejecting the Commonwealth's waiver argument, stated that "because the trial court was acting as the *de novo* factfinder and could impose any fine it found appropriate, the excessive fines issue did not arise until after the trial court entered its verdict. As such, the earliest opportunity Brunk had to raise the issue was in his [Pa.R.A.P.] 1925(b) Statement, as he did." *Brunk*, slip op. at 7, n.8. The trial court imposed the new $1,000 fine per day on its own without such a request from the Commonwealth for that fine. As such, Brunk did not have an opportunity to oppose this new fine during trial.

In contrast, here, the transcript of the hearing shows that the City was seeking a total of $232,000 in fines, and argued before the trial court that its proposed fine was proportional to the violations that had occurred. Landowner did not challenge the constitutionality of the proposed fine. Rather, he argued that the City presented insufficient evidence that a violation had occurred, and that the City had unclean hands in this matter. Hearing Transcript at 147-156; R.R. at 255a-57a. Therefore, Landowner has failed to raise the constitutional issue at the earliest opportunity and, thus, has waived it.

16

If not waived, we would conclude that the fines imposed here are not excessive under the applicable statutory or constitutional provisions. Landowner argues that the City exceeded its authority under Section 17 of the Home Rule Act and the City Home Rule Charter when it imposed a total fine exceeding $2,300 per violation. The City responds that because the Code provides for cumulative fines for each day a violation goes uncorrected, the fines imposed here are not excessive under the applicable statutes. Section A-601.1 of the Code provides that any person who violates a provision of the Code "shall be subject to a fine of $300 for each offense," described by the trial court as a "basic violation." *See* R.R. at 335a. Section A-601.4 of the Code further states: "Each day that a violation continues after issuance of a notice or order shall be deemed a separate offense." Code §A-601.4; *see also DY Properties, LLC,* 223 A.3d at 724.

This Court has consistently upheld the cumulative nature of Code violations. *DY Properties LLC*, 223 A.3d at 720 (affirming a total fine of $243,200 resulting from daily fines for noncompliance); *JPR Holdings, LLC v. City of Philadelphia* (Pa. Cmwlth., No. 820 C.D. 2019, filed January 8, 2021) slip op. at 12-13 (finding no abuse of discretion by the trial court in imposing $52,000 in total fines where a maximum of nearly $800,000 in fines was authorized). Further, in *City of Philadelphia v. Broad & Olney Alliance, LP*, this Court found "no abuse of discretion on the part of the trial court in imposing the $26,850 aggregate fine for 179 days of Class III Code violations." *City of Philadelphia v. Broad and Olney Alliance, LP* (Pa. Cmwlth., No. 49 C.D. 2019, filed July 14, 2020), slip op. at 10-11. This Court observed that "had the trial court imposed the $2,000 daily fine permitted by the Code for Class III violations, [Broad and Olney] could have faced a fine of $358,000." *Id.*, slip op. at 11 n.7.

17

Here, Landowner was fined for four basic Code violations, each concerning its unpermitted construction work on the Property. R.R. 41a-71a. The Code provides that each day of noncompliance is a new violation. Code §A-601.4. These violations continued for more than one year (576 days, 435 days, 404 days, and 404 days). R.R. at 335a. Although the City asserted that a total of $849,000 in cumulative fines had accrued, the trial court imposed a statutory fine of $65,000. The trial court reasoned that the Property had been in noncompliance for an extensive period of time, and "despite numerous [c]ourt hearings and the imposition of fines, [Landowner] is still in violation of the [] Code." Trial Court Opinion at 21. Based on the plain language of the Code and applicable case law, we would affirm the trial court's imposition of cumulative fines, if not waived.

As to the constitutional issue, Landowner argues that the $200,400 amount of its total fine violates constitutional prohibitions against excessive fines in the Eighth Amendment of the United States Constitution and article I, section 13 of the Pennsylvania Constitution. The City responds that the fine is not excessive, given Landowner's repeated and lengthy violations, Landowner's repeated disregard of the trial court's orders, and the safety risk caused by Landowner's unpermitted work on the Property. The City further argues that Landowner should not be permitted to object to fines to which it previously agreed. *See* S.R.R. at 12b-15b, 17b-19b.

As this Court has summarized:

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998); *see also* [] *Eisenberg*, 98 A.3d [at] 1279-80 ("[b]y its plain language, the [second] clause employs a concept of

18

proportionality; the difficulty is articulating a principle by which to measure excessiveness or proportionality"). As our Supreme Court has explained:

> The primary purpose of a fine or a penalty is twofold: to punish violators and to deter future or continued violations. Since it serves not only as a punishment but also as a deterrent, the amount of the fine can be raised to whatever sum is necessary to discourage future or continued violations, subject, of course, to any restriction imposed on the amount of the fine by the enabling statute or the Constitution.

*Eisenberg*, 98 A.3d at 1283 (quoting *Commonwealth v. Church*, 522 A.2d 30, 34 (Pa. 1987)) (brackets omitted). Further, "[our Supreme Court] and [this] Court have rejected the notion that there must be strict proportionality between the harm resulting from the offense and the penalty imposed." *Eisenberg*, 98 A.3d at 1281. Thus, a fine "violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Bajakajian*, 524 U.S. at 334. Moreover, a fine may be deemed unconstitutionally excessive where "the amount . . . [is] so great as itself to be confiscatory and beyond the bounds of all reason and justice." *Church*, 522 A.2d at 34.

*City of Philadelphia v. Joyce* (Pa. Cmwlth., No. 896 C.D. 2019, filed Dec. 4, 2020), slip op. at 8-9.

In *DY Properties, LLC*, this Court held that (if appellant had not waived the issue) a cumulative fine of $243,300 was constitutional, noting that

> the fines issued against DY were [] imposed per day based upon repeated daily violations of numerous Code provisions. The violations pertained to potentially hazardous conditions on the [p]roperty which remained for approximately eight months, despite City demands to remediate. Thus, the significant fine was an accumulation of penalties arising solely from DY's repeated and ongoing failure to correct the violations.

19

223 A.3d at 723 n.12. In *Joyce*, this Court similarly held that cumulative fines under the Philadelphia Code totaling $25,000 were not unconstitutionally excessive where the City assessed the aggregate fine based on uncontested and longstanding Code violations stemming from failure to remediate dangerous property conditions despite repeated notices and warnings from the City. *Joyce*, slip op. at 11-12.

If the issue was not waived, we would conclude the same here. Landowner failed to file an administrative appeal on any of the four violation notices issued by the City and failed to respond to the City's complaint. Landowner had over 400 days of noncompliance on each of the four violations, and repeatedly allowed unpermitted work to continue on the Property, in violation of the trial court's orders, placing the Property at risk of fire or collapse and constituting a hazard to public safety. Although the total fine of $200,400 imposed here is clearly significant, that amount is a direct result of Landowner's ongoing Code violations and failure to bring the Property into compliance with the Code. Because the fine was imposed as a result of Landowner's repeated failures to correct the potentially hazardous conditions on the Property, we would affirm the trial court order and reject Landowner's assertion that the fine is unconstitutional, if not waived.

Finally, and in further support of its argument that the fine is unconstitutional, Landowner asserts that the fine is out of proportion to the value of the Property, and that the trial court erred when it determined the value of the property as estimated by the City at $232,000, when the assessed value of the Property was stipulated to by the parties as $160,000. *See* R.R. at 336a; Appellant's Brief at 16, 23-24. If not waived, we would find this argument to be without merit, and would find any error by the trial court in assigning a value to the Property to be harmless. As this Court has previously explained, the value of the noncompliant

20

property is not a consideration of the trial court in considering fines for violations of the Code. *See Borough of Kennett Square v. Lal*, 643 A.2d 1172, 1175 (Pa. Cmwlth. 1994); *see also City of Philadelphia v. Okamoto* (Pa. Cmwlth., No. 51 C.D. 2019, filed April 29, 2020) slip op. at 14; *City of Philadelphia v. RB Parking, LLC* (Pa. Cmwlth., No. 515 C.D. 2019, filed July 16, 2020) slip op. at 13-14. If the issue was not waived, any typographical error by the trial court would be deemed harmless because the Property value is not relevant when considering fines for Code violations.

 

 

_____
MICHAEL H. WOJCIK, Judge


Judge McCullough did not participate in the decision of this case.
Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia         :
                                    :
        v.              : No. 1759 C.D. 2019
                                      :
Mom Investments, LLC,    :
                                    :
            Appellant   :

## **O R D E R**

AND NOW, this 22nd day of July, 2024, the order of the Court of Common Pleas of Philadelphia County, dated November 7, 2019, is AFFIRMED. The City of Philadelphia's Application for Relief filed on April 5, 2024, seeking permission to file an update pursuant to Pa.R.A.P. 2501(a) is GRANTED.

_____
MICHAEL H. WOJCIK, Judge